## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**LEVORY W. HICKMON, SR.,**
       **Plaintiff,**

vs.                                       **Case No. 3:08cv234/MCR/MD**

**FEDERAL BUREAU OF INVESTIGATION,**
       **Defendant.**

---

### ORDER and
### REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding *pro se*, commenced this action on June 9, 2008 by filing a petition for writ of mandamus. (Doc. 1). He also filed a motion to proceed *in forma pauperis*. (Doc. 2). Upon review of the petition and this Court's own records, the undersigned concludes that because plaintiff did not pay the filing fee at the time he submitted his petition, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case should be dismissed.

In his petition, plaintiff complains that "through many various ways" he has notified the defendant, the Federal Bureau of Investigation ("FBI"), "of the willful deprivations of his civil rights for years" and of a "complex covert conspirac[y]" to have plaintiff murdered, but the agency has failed to take action.[1] (Doc. 1, pp. 1-2). Plaintiff admits that in the past he has filed numerous civil rights complaints against the FBI, all of which have been dismissed. He explains that he initiated the instant

---

[1] Plaintiff elaborates that he is being given "improper medications," that he is being "maliciously prosecuted with disciplinary reports," and that he has been subjected to "a host of other civil rights violations." (Doc. 1, p. 3).

action because, in furtherance of the "conspiracy to murder," he has now been tried, convicted and sentenced in Seminole County, Florida "in willful violation of the Petitioner's due process of law rights in furtherance of the previously alleged conspiracy to murder, or have Petitioner murdered by some means, and criminally deprive/deny Petitioner his civil rights."  As relief, plaintiff seeks the issuance of a writ "ordering the respondent to open an investigation into the ongoing conspiracies to have Petitioner murdered by white officials acting under color of state law, and the willful deprivation of petitioner's civil rights directly and in and through conspiracies . . . especially in Seminole County Case No. 02-3627."  (*Id.*, p. 4).

The *in forma pauperis* statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Judicial notice is taken that plaintiff has been labeled a "vexatious litigant" in the United States District Court for the Middle District of Florida ("Middle District"). He has filed over 30 cases in the Middle District, and 7 cases in this Court.[2]  In a recent case (4:07cv184), the report and recommendation entered by Magistrate Judge Sherrill noted that plaintiff had been enjoined in the Middle District from filing any *pro se* complaint unless he was in danger of serious physical injury. (Doc. 4 of case 4:07cv184 (citing Middle District case 6:06cv1365)). Judicial notice is taken that plaintiff has accumulated at least three "strikes" in the Middle District, as outlined by Magistrate Judge Sherrill.  In Middle District case 6:06cv772, plaintiff was denied *in forma pauperis* status and his case was dismissed as frivolous.  In the report and recommendation entered in that case, it was noted that plaintiff had nine actions

---

[2]In fact, on June 5, 2008 plaintiff filed in the Middle District a petition for writ of mandamus identical to the one filed here.

dismissed for failure to state a claim or as frivolous. (Doc. 5 of case 6:06cv772). Five of plaintiff's cases were dismissed based on the three strikes provision of 28 U.S.C. § 1915(g). As Magistrate Judge Sherrill advised plaintiff, not only is he barred from obtaining *in forma pauperis* status in the Middle District, he is barred in the Northern District as well (and in all federal district courts for that matter).

Thus, pursuant to § 1915(g), plaintiff is not entitled to proceed *in forma pauperis* in federal court, and his *in forma pauperis* motion must be denied. *See, e.g., Norton v. McCool*, 2008 WL 216497 (N.D. Fla. Jan. 23 2008) (dismissing mandamus action under § 1915(g)); *Norton v. McCool*, 2008 WL 140746 (N.D. Fla. Jan. 11, 2008) (same). His allegation that his recent criminal conviction was in furtherance of a vast and long-standing murder conspiracy against him do not bring him within the "imminent danger" exception to the three "strikes" bar of § 1915(g). Because plaintiff did not pay the filing fee at the time he commenced this civil action, this case must be dismissed. *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

Accordingly it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is DENIED.

And it is respectfully RECOMMENDED:

That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g), and the clerk be directed to close the file.

At Pensacola, Florida this 12th day of June, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

*Case No: 3:08cv234/MCR/MD*

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** ***United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**